IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HENRY MARVIN MOSS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Lieutenant JACKSON, | : | NO. 5:08-cv-426 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **HENRY MARVIN MOSS**, presently an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past

danger, to proceed under section1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed approximately twenty civil rights or habeas corpus claims with federal courts while incarcerated. At present, at least six of these cases and/or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915 prior to the filing of this lawsuit: *Moss v. Miller*, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal dismissed as frivolous); *Moss v. Superior Ct. of Dougherty Co.*, 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d))[1]; *Moss v. Kelley*, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (initial filing dismissed as frivolous); *Moss v. State of Georgia*, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); *Moss v. Priddy*, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); and *Moss v. Williams*, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)).

As plaintiff has six strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's claims do not remotely approach allegations of "imminent danger of serious physical injury."

---

[1] Under 28 U.S.C. § 1915(d), as then in effect, a court could dismiss a case if the allegation of poverty was untrue or if the action was frivolous or malicious. Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. §§ 1915(e)(2) and 1915A , which additionally allow a court to dismiss an action that fails to state a claim upon which relief can be granted.

Because plaintiff has more than three prior dismissals and does not appear to be in imminent danger of serious physical injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 10th day of December, 2008.

*s/   Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr